GEORGE G. MGDESYAN, ESQ. (SBN 225476)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiff,
MICHELLE CONTRERAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CONTRERAS, an individual<br><br>        Plaintiff,<br><br>V.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DANIEL EVERTS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND DOES 1 TO 10,<br>        Defendants. | Case Number:<br> PLAINTIFF'S COMPLAINT FOR DAMAGES:<br>(1) VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983, INDIVIDUAL LIABILITY (VIOLATION OF FOURTH, EIGHTH AND FOURTEENTH AMENDMENT);<br>(2) MONELL CLAIM 42 U.S.C. §1983,<br>(3) NEGLIGENCE;<br>(4) NEGLIGENT SUPERVISION, HIRING, OR RETENTION<br>(5) VIOLATION OF CALIFORNIA CIVIL CODE § 52.4;<br>(6)  VIOLATION OF CALIFORNIA CIVIL CODE § 52.1;<br>(7) VIOLATION OF CALIFORNIA CIVIL CODE 1708.5<br>(8) ASSAULT AND BATTERY<br><br>**[JURY TRIAL DEMAND]** |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
1

**PRELIMINARY STATEMENT**

This is a civil rights action arising from the appalling sexual abuse of a custody detainee by DANIEL J. EVERTS (hereinafter "DEFENDANT EVERTS") while working in his capacity as an employee for the County of Los Angeles as a custody assistant for the Lancaster Sheriff's Station located at 501 W. Lancaster Blvd. Lancaster, California 93534 (hereinafter "LANCASTER STATION").

**JURISDICTION AND VENUE**

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(federal question) and 28 U.S.C. §1343(3) (civil rights).   This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) as they arise out of a common nucleus of operative facts.

2.      At all relevant times to the facts underlying the present complaint, Plaintiff MICHELLE CONTRERAS (hereinafter Plaintiff") was in LOS ANGELES COUNTY custody at the LANCASTER SHERIFF'S STATION, located at 501 W. Lancaster Blvd. Lancaster, California 93534 (hereinafter "LANCASTER STATION").

3.  Venue is proper in the Central District of California under 28 U.S.C. § 1392(a) and (b) as it is the judicial district in which the claim arose.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
2

## PARTIES

4.     Plaintiff, MICHELLE CONTRERAS is a competent adult.

5.     Defendant COUNTY OF LOS ANGELES ("County") is a legal and political entity established under the laws of the State of California, with all of the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. In this case, the County acted through its agents, employees, and servants, including the policymakers for defendant the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") (collectively "Municipal Defendants").

6.     At all relevant times, Defendants County, LASD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD, including those individuals charged with protecting the health and safety of detainees and arrestees at County detention facilities, including plaintiff MICHELLE CONTRERAS, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the LASD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the County was the employer of each of the

individually named defendants, and the LANCASTER STATION was a County-run facility, operated by the LASD.

7.      Defendant DANIEL J. EVERTS ("DEFENDANT EVERTS") was an employee for the LASD. At all relevant times, DEFENDANT EVERTS was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by the County's elected and non-elected officials, and within the course and scope of his duties for the LASD and with complete authority and ratification of the principal, County. In committing the acts alleged herein, DEFENDANT EVERTS acted within the scope of his respective employment and under color of law. DEFENDANT EVERTS is sued in both his official and individual capacity.

8.      Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the COUNTY OF LOS ANGELES, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his

or her agency and employment with the County and LASD. Each Doe is sued in both his/her official and individual capacities.

## SATISFACTION OF GOVERNMENT CODE REQUIREMENTS

10. Plaintiff timely filed an administrative claim with the County of Los Angeles and the Los Angeles County Sheriff's Department pursuant to Cal. Gov't Code § 910.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

12. On June 16, 2019, Plaintiff MICHELLE CONTRERAS was pulled over for driving under the influence by California Highway Patrol. She was thereafter taken to the LANCASTER STATION for booking. While at the LANCASTER STATION and on or about June 17, 2019 while in custody she asked for a blanket from the only employee near the holding cell, DANIEL EVERTS. DEFENDANT EVERTS responded "it is going to cost you."

13. Few minutes later DEFENDANT EVERTS approached MICHELLE CONTRERAS' holding cell and demanded her to move to a specific location within the holding cell. At that time, DEFENDANT EVERTS was the only employee near the holding cell, and MICHELL CONTRERAS the only individual

in that holding cell. Ms. CONTRERAS was under the direct supervision of DEFENDANT EVERTS at that time.

14. DEFENDANT EVERTS then began making sexual demands of Plaintiff CONTRERAS. DEFENDANT EVERTS threatened CONTRERAS that she would do more time in custody and remain in custody if she did not comply with his demands. In fear and finding no choice, CONTRERAS was forced to comply with his demands. DEFENDANT EVERTS opened the holding cell doors, lowered his pants and forced CONTRERAS to perform oral copulation upon him.

15. DEFENDANT EVERTS then made CONTRERAS spit out the seminal fluid into a shirt.

16. CONTRERAS was released from LASD custody on or about June 17, 2019.

17. Once released, she reported the incident to LASD Palmdale Station, the incident was assigned report number 019-12822-1122-129.

18. Sergeants from Internal Criminal Investigation Bureau were in charge of investigation and DEFENDANT DANIEL J. EVERTS was arrested on June 20, 2019 for Penal Code 288(A), it is unknown at this time whether the District Attorney has filed a case against Defendant EVERTS.

19. Given the sexual harassment and sexual abuse, Plaintiff CONTRERAS suffered severe psychological injuries.

# **FACTS RELEVANT TO MONELL CLAIM**

20.    Upon information and belief, Plaintiff alleges that before she was sexually assaulted by DEFENDANT EVERTS, DEFENDANT EVERTS had sexually assaulted other female detainees at LANCASTER STATION since being employed in 2015, and that the County was on notice of this conduct.

21.    Upon information and belief, Plaintiff alleges that Los Angeles Sheriff's Department had a reoccurring problem with sexual abuse against female detainees in the past three years.

22.    Despite this knowledge and prior notice, the County and LASD (collectively referred to herein as "Municipal Defendants") and certain Does, permitted DEFENDANT EVERTS to work at a women's jail, permitting him the regular, daily task of supervising women detainees, which oftentimes necessitated that he be alone with women detainees, thereby facilitating his behavior and conduct.

23.    Certain Does, other LASD supervising officers, were on notice that DEFENDANT EVERTS was engaging in conduct in violation of

written policies, including policies deterring sexual abuse.

23.    Certain Does, other LASD supervising officers, failed to act to prevent DEFENDANT EVERTS and employees of the LASD from engaging in this conduct. Since the written policies were designed, at least in part, to prevent

and deter sexual abuse, and other LASD supervising officers knew, or reasonably should have known, that the failure to enforce these policies heightened the danger of sexual abuse of female detainees by DEFENDANT EVERTS and LASD employees supervising custody detainees.

24.   As a result of certain Does (LASD supervising officers) failure to supervise DEFENDANT EVERTS, despite being put on notice, DEFENDANT EVERTS was not subject to timely LASD discipline and instead permitted the opportunity to victimize female detainees, such as Plaintiff.

25.   Further evidence exists that the County and LASD are not meeting their constitutional obligations and are not adequately protecting women detainees from sexual assault: the Prison Rape Elimination Act of 2003 ("PREA"), currently codified at 34 U.S.C. § 30301, et seq., mandates that correctional facilities protect detainees from sexual assault. A subsequently promulgated federal rule (28 C.F.R. 115.401) requires that agencies ensure that each of their correctional facilities is audited once every three years.  Upon information and belief, at the time of the sexual assault of Plaintiff, LANCASTER STATION had not undergone such a timely audit.

26.  If DEFENDANT EVERTS had been adequately trained and supervised prior to the sexual abuse of Plaintiff, if his errant behavior had been timely investigated, if he had been timely punished as a result, and if the

LANCASTER STATION had been properly audited, in compliance with federal standards, the sexual abuse of Plaintiff in this case could have been averted.

### PARTICIPATION, STATE OF MIND AND DAMAGES

27.     Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved, or acquiesced in the violations alleged herein.

28.     As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

29.     Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

30.     Each Defendant acted with deliberate indifference to and reckless disregard for Plaintiff's rights.

31.     DEFENDANT EVERTS and Does 1-10, and each of them, acted in conspiracy to violate Plaintiff's civil rights. DEFENDANT EVERTS, and Does 1-10, and each of them, had a joint and simultaneous duty to make sure that Plaintiff was not sexually assaulted; had joint and simultaneous knowledge that Plaintiff was at risk of being sexually assaulted by DEFENDANT EVERTS; with such duty, knowledge and a meeting of the minds, took action at the same time and in the same place to collaborate to refuse to protect Plaintiff from DEFENDANT

EVERTS's sexual assaults. Thus, they formed a 'pact of denial' such that for the months that Plaintiff was subject to DEFENDANT EVERTS's sexual assaults – and after the individual defendants had been alerted to the danger DEFENDANT EVERTS posed to Plaintiff – not a single one of them did anything to intervene on Plaintiff's behalf or prevent the sexual assaults of Plaintiff. They acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other to violate Plaintiff's civil rights as stated herein.

32.   As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, Plaintiff CONTRERAS has suffered great mental pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial. Plaintiff at this time is seeking psychological treatment due to the events of this incident, and thereby incurred and will continue to incur such damages, the amount of which to be proven at the time of trial. Due to the acts of the Defendants, Plaintiff has suffered, and will continue to suffer, and is likely to suffer in the future, extreme and severe mental anguish.

33.   As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned Defendants,

Plaintiff suffered the denial of her fundamental constitutional rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

34.   As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff suffered past and future losses of income that have caused her to sustain economic damages in a sum to be determined at trial.

35.   The aforementioned acts of the Defendants, and each of them, were willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard for or with deliberate indifference to the constitutional rights of Plaintiff CONTRERAS, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

36.   By reason of the above described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute and prosecute the instant action, and to render legal assistance to vindicate the loss and impairment of her constitutional rights, and by reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988, California Code of Civil Procedure §1021.5, and any other applicable provision of law.

///

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- INDIVIDUAL LIABILITY (VIOLATION OF FOURTH, EIGHTH AND FOURTEENTH AMENDMENT)**
**(By Plaintiff against DEFENDANT EVERTS and Certain Doe Defendants)**

37.   Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

38.   The sexual assault of Plaintiff by DEFENDANT EVERTS, and DEFENDANT EVERTS' conduct as described above, were unreasonable, unjustified, and offensive to human dignity.

39.   DEFENDANT EVERTS acted with deliberate indifference to Plaintiff's Fourth Amendment, Eighth Amendment, and Fourteenth Amendment Rights.

40.   CONTRERAS was subjected to deprivation of rights by DEFENDANT EVERTS, acting under color of law and of statutes, ordinances, regulations, customs and usages of the laws of United States, State of California, which rights included, but are not limited to, privileges and immunities secured to CONTRERAS by the Fourth Amendment, Eighth Amendment and Fourteenth Amendment to the United States Constitution and laws of the United States.

41.　　As a direct and proximate result of the acts of DEFENDANT EVERTS, Plaintiff sustained injuries and damages as alleged herein, in an amount to be proven.

42.　　DEFENDANT EVERTS violated Plaintiff's federal constitutional rights- rights that were clearly established at the time of the conduct at issue:

   a. *Excessive Force in Violation of Fourth Amendment Right-*

   i. In general, a seizure of a person is unreasonable under the Fourth Amendment if an individual uses excessive force. DEFENDANT EVERTS used excessive force upon CONTRERAS by his sexual assaults.

   ii. DEFENDANT EVERTS, while acting under color of law, sexually assaulted Plaintiff CONTRERAS and engaged in the conduct described above, and thereby deprived Plaintiff of rights, privileges, and immunities secured under the Fourth Amendment to the United States Constitution.

   iii. DEFENDANT EVERTS subjected Plaintiff CONTRERAS to excessive force and unjustified infliction of harm through the sexually assault during her custody at LANCASTER STATION.

b. *Excessive Force "Cruel and Unusual Punishment" in Violation of Eighth Amendment Right-*

    i. Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." DEFENDANT EVERTS deprived Plaintiff of her Eighth Amendment right.

    ii. DEFENDANT EVERTS used excessive and unnecessary force under all of the circumstances.

    iii. DEFENDANT EVERTS acted maliciously and sadistically for the purpose of causing harm to Plaintiff.

c. *Conditions of Confinement – "Cruel and Unusual Punishment" in Violation of Eighth Amendment Right-*

    i. DEFENDANT EVERTS's actions posed a substantial risk of serious harm to Plaintiff;

    ii. DEFENDANT EVERTS was deliberately indifferent to that risk.

    iii. DEFENDANT EVERTS knew of the risk of harm that his sexual assault would cause to Plaintiff, and disregarded it by failing to take reasonable measures by failing to discontinue

his conduct. Instead, Defendant EVERTS continued in his sexually inappropriate behavior.

iv. DEFENDANT EVERTS' actions caused psychological and physical harm to Plaintiff CONTRERAS.

v. Defendant EVERTS made an intentional decision with respect to the conditions under which the plaintiff was confined;

d. _Claim for Failure to Protect – "Cruel and Unusual Punishment" in Violation of Eighth Amendment Right-_

i. Defendant EVERTS and the remaining Defendants made an intentional decision with respect to the conditions under which the Plaintiff was confined at LANCASTER STATION.

ii. Those conditions put the plaintiff at substantial risk of suffering serious harm.

iii. Defendants did not take reasonable available measures to abate that risk, and a reasonable employee of LASD in the same circumstances would have appreciated the high degree of risk involved, making the consequences of the

Defendant's conduct obvious. Thus, Defendant EVERTS'
behavior was objectively unreasonable; and

iv. By not taking such measures to protect and reduce the risk
of harm to female detainees, the defendant caused Plaintiff's
injuries.

   e. *Deprivation of Due Process Under Fourteenth Amendment*

i.  Plaintiff had a cognizable interest under the Due Process
Clause of the Fourteenth Amendment of the United States
Constitution to be free from state actions that deprives her of
life, liberty, or property in such a matter as to shock the
conscience.

ii. DEFENDANT EVERTS, acting under color of law and
within the course and scope of his employment by the
County and LASD, sexually assaulted Plaintiff and engaged
in the conduct described above, and thereby deprived
Plaintiff of her civil rights under the Fourteenth Amendment
to the United States Constitution.

43.    Defendants' conduct was willful, wanton, malicious, and done with
reckless disregard for the rights and safety of Plaintiff, and therefore warrants the
imposition of exemplary and punitive damages.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS –
### 42 U.S.C. § 1983 – MONELL CLAIM
### (Against County, LASD, and Certain Does)

44.     Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

45.     Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, Defendant County, LASD, and Certain Does acted with deliberate indifference to, and/or conscious or reckless disregard for the safety and constitutional rights of Plaintiff, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied unconstitutional policies, practices and customs, including, but not limited to:

    a.  Facilitating an environment wherein female detainees, including MICHELLE CONTRERAS, were sexually assaulted, and failing to rectify the ongoing conduct of LASD employees who were reported for this conduct, despite knowledge of such;

    b.  Tolerating unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments;

    c.  The continued victimization of Plaintiff and other females in LASD custody by employees of LASD.

d. The municipal defendants' non-compliance with PREA standards, including failure to timely audit the LANCASTER STATION.

e. The failure to institute, require and enforce proper and adequate training, supervision, policies, and procedures requiring that sexual assault, sexual harassment, and sexual threats of female detainees do not occur.

f. The cover-up of violations of constitutional rights by any or all of the following:

  i. By failing to properly investigate and/or evaluate complaints or incidents of sexual abuse;

  ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional and unlawful sexual abuse of female detainees;

  iii. By allowing, tolerating, and/or encouraging deputies and jail personnel to not report instances of sexual abuse upon female detainees.

  iv. To allow, tolerate and/or encourage a "code of silence" among deputies and LASD personnel, whereby a member of the department does not provide adverse information against another member of LASD.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

18

46.     At all times mentioned herein and prior thereto, defendants County, LASD, and certain Does had a duty to train, instruct, supervise and discipline their subordinates, deputies, employees, and custody assistants to assure they respected and did not violate constitutional and statutory rights of detainees, and to objectively investigate violations of female detainees' rights, including, but not limited to, the right to be free from sexual abuse, the right to be safe and protected from injury while in Defendants' custody, and the right to speak to officials about sexual abuse without fear of retaliation under the Fourth, Eight and Fourteenth Amendments to the U.S. Constitution.

47.     Upon information and belief, Plaintiff alleges that, prior to the sexual abuse upon her, certain DOES facilitated, permitted, ratified and/or condoned similar acts of sexual abuse of female detainees by male jailers or assistant jailers, and were deliberately indifferent to the health and safety of detainees in general, and Plaintiff in particular.

48.     Defendants knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of certain facts and situations that created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other detainees, but failed to do so.

49. The training provided by the County, LASD, and the relevant policy

maker, and relevant County officials, and certain Does was not adequate to train their sheriff deputies and other jail staff to handle recurring situations which they were confronted with. As evidenced by the numerous instances of sexual abuse by male deputies of female detainees other than Plaintiff, the entity defendants did not adequately train their officers and staff to prevent, deter, detect, and avoid sexual abuse of female detainees at the LANCASTER STATION – and were on notice of such.

50.    The municipal defendants maintained a policy and practice of inaction with respect to the violation of policies designed to prevent or deter sexual abuse of female detainees. LASD employees who engaged in suspicious behavior, or behavior that violated written policy, were inadequately disciplined or otherwise not penalized in connection with their conduct.

51.    Defendants did not properly train or supervise other LASD employees to report instances of possible sexual assault that they may have witnessed or were reported by detainees about.

52.    Entity defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other female detainees similarly situated.

53.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all municipal defendants.

54.    The failure to institute, require and enforce proper and adequate training, supervision, policies, and procedures;

55.    The actions of the Defendants including the municipal defendants set forth herein were a moving force behind the violations of Plaintiffs constitutional rights as set forth in this complaint.

56.    As a direct and proximate result of Defendants' policies, practices, and customs, Plaintiff CONTRERAS sustained injuries and damages as alleged herein, in an amount to be proven.

## THIRD CAUSE OF ACTION
### NEGLIGENCE
### (Against DEFENDANT EVERTS and Certain DOE Defendants)

57.    Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

58.    As an LASD employee working at the LANCASTER STATION, DEFENDANT EVERTS had a duty to supervise and look after female detainees at the LANCASTER STATION. As LASD deputies and employees working at

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
21

LANCASTER STATION, DOE Defendants had a duty to supervise and look after female detainees at LANCASTER STATION.

59.   DEFENDANT EVERTS breached his duty by sexually assaulting Plaintiff.

60.   DEFENDANT EVERTS and DOE Defendants breached their duty by failing to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise, and to supervise female detainees and look over their well-being.

61.   There was a proximate causal connection between Defendants' negligent conduct and Plaintiff's resulting injuries and damages.

62.   Defendants owed Plaintiff as a citizen a duty <u>not</u> to place her in an environment that created an unreasonable risk of sexual abuse, and in fact, resulted in sexual abuse.  Defendants were negligent in the performance of their duties and this negligence caused the physical and mental injuries suffered by Plaintiff CONTRERAS.

63.   As a direct and proximate result of the aforesaid negligence and as a result of their breach of duty of care to CONTRERAS, Plaintiff sustained injuries and damages as alleged herein, in an amount to be proven at trial.

///

///

## FOURTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION, HIRING, AND RETENTION
### (Against County, LASD, and Certain Does)

64.     Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

65.     LASD and County hired Defendant EVERTS.

66.     Defendant EVERTS was unfit and/or incompetent to perform the work of a LASD custody assistant for which he was hired, and unfit and/or incompetent for overseeing and supervising female detainees in a County-run jail.

67.     Custody assistant have limited law enforcement functions, such as monitoring detainees or detainees in a custody setting. Defendant EVERTS failed to safeguard Plaintiff while in LASD and in fact subjected her to harm.

68.     As a custody assistant, Defendants EVERTS should not have been permitted unfettered access to holding cells with all female detainees without proper supervision by other LASD employees.

69.     LASD, COUNTY and DOE Defendants were negligent in the supervision of EVERTS as a custody assistant in failing to have him supervised by another LASD employee.

70.     County and LASD knew or should have known that DEFENDANT EVERTS was unfit or incompetent and that his lack of fitness or incompetence

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
23

created a particular risk to others, including Plaintiff and other female detainees at the LANCASTER STATION.

71.   County's and LASD's negligence in supervising, hiring, or retaining DEFENDANT EVERTS was a substantial factor in causing Plaintiff's harm.

72.   As a direct and proximate cause of County's actions or inactions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 52.4;
### (By Plaintiff against DEFENDANT EVERTS and Certain Doe Defendants)

73.   Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

74.   Plaintiff CONTRERAS suffered the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to her by the Constitution of the State of California and the California Civil Code, § 52.4.

75.   California Civil Code § 52.4 prohibits any person from committing an act or acts of gender violence against another person.

76.   Defendant EVERTS committed violent acts against Plaintiff, together with other misconduct, forced Plaintiff to perform oral copulation upon him.

77.   Defendant EVERTS threatened use of force against CONTRERAS, and did in fact, use force.

78.   The conduct of Defendant EVERTS was a physical intrusion and physical invasion of a sexual nature under coercive conditions.

79.   The conduct of Defendant EVERTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT EVERTS. DEFENDANT EVERTS' conduct was intentional and willful warranting imposition of punitive damages.

80.   Defendant's conduct was in violation of Cal. Civ. Code § 52.4, and as a direct and proximate result of such violation, Plaintiff sustained injuries and damage as alleged herein, in an amount to be proven.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE § 52.1;**
**CALIFORNIA CONSTITUTION, ARTICLE 1, §13**
**(By Plaintiff against DEFENDANT EVERTS and Certain Doe Defendants)**

81.   Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
25

82.   California Civil Code § 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise of enjoyment of his or her constitutional rights by threats, intimidation, or coercion.

83.   Plaintiff CONTRERAS suffered the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to her by the Constitution of the State of California and the California Civil Code, § 52.1.

84.   During all times mentioned herein, individual Defendants, and each of them, separately and in concert, acted under color and pretense of law. Each of the individual Defendants herein, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to her by the Constitution of the State of California, Article 1, section 13, as well as the California Civil Code, § 52.1.

85.   Plaintiff is informed, believes and therefore alleges, that on or about June 17, 2019, Defendant EVERTS, by his conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment of the her rights as secured by, *inter alia*, the Fourth Amendment, Eighth Amendment and Fourteenth Amendment to the United States Constitution, the laws of the United States, Article 1, § 13 of the California Constitution, California Civil Code § 52.1, and the laws of the

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
26

State of California, including the Plaintiff's right to be free from bodily restraint and harm, free from excessive force, and free from cruel and unusual punishment.

86.   Defendant EVERTS threatened that Plaintiff could not report the incident of abuse or that he would retaliate against her, and further made threats to force her compliance.

87.   Defendants' conduct was in violation of Cal. Civ. Code § 52.1, and as a direct and proximate result of such violation, Plaintiff sustained injuries and damages as alleged herein, in an amount to be proved.

88.   Defendant EVERTS intentionally and spitefully committed the above acts to discourage Plaintiff from exercising her civil rights.

89.   The conduct of Defendant EVERTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT EVERTS. It is clear by the multiple victims of DEFENDANT EVERTS that his conduct was intentional and willful and that his conduct warrants punitive damages.

90.   Defendants' conduct was in violation of Cal. Civ. Code § 52.1, and as a direct and proximate result of such violation, Plaintiff sustained injuries and damages as alleged herein, in an amount to be proven.

91.    Plaintiff seeks compensatory damages for the violation of her rights. Plaintiff also seeks attorneys' fees under this claim.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 1708.5
### (By Plaintiff against DEFENDANT EVERTS and Certain Doe Defendants)

92.    Plaintiff realleges all the foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

93.    California Civil Code § 1708.5 prohibits any person from committing a sexual battery against another person.

94.    DEFENDANT EVERTS acted with intent to cause a harmful or offensive contact when he forced himself upon Plaintiff and forced her to engage in oral copulation of him.

95.    Defendant EVERTS intentionally and spitefully committed the above acts of sexual battery against Plaintiff.

96.    The conduct of DEFENDANT EVERTS would offend a reasonable person of ordinary caution and prudence is thereby offensive contact.

97.    The conduct of DEFENDANT EVERTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT EVERTS.

98.   As a direct and proximate cause of DEFENDANT EVERTS's

actions, Plaintiff suffered extreme mental anguish and pain and has been injured

in the mind and body.

99.   Plaintiff seeks compensatory damages for the violation of her rights.

Plaintiff also seeks attorneys' fees under this claim.

**EIGHTH CAUSE OF ACTION**
**ASSAULT AND BATTERY**
**(By Plaintiff against DEFENDANT EVERTS and Certain Doe Defendants)**

100.   Plaintiff realleges all the foregoing paragraphs, as well as any

subsequent paragraphs contained in the complaint, as if fully set forth herein.

101.   DEFENDANT EVERTS intentionally and spitefully committed the

above acts of sexual battery against Plaintiff.

102.   DEFENDANT EVERTS, acting within the scope of his employment

with LASD in and for the County of Los Angeles, assaulted and battered Plaintiff

CONTRERAS causing her physical and mental injury.

103.   By the conduct alleged above including, but not limited to, forcing

himself upon CONTRERAS and sexually abusing and assaulting her on

numerous occasions, Defendant EVERTS is liable for assault and battery.

104.   DEFENDANT EVERTS intentionally and inappropriately touched

and sexually assaulted Plaintiff when forced himself upon her and forced her to

engage in oral copulation.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

105.  Plaintiff did not consent to DEFENDANT EVERTS's conduct.

106.  A reasonable person in Plaintiff's position would have been offended by the touching.

107.  DEFENDANT EVERTS did not have legal justification for touching Plaintiff.  His actions were excessive and unreasonable.

108. The conduct of DEFENDANT EVERTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT EVERTS.

109. As a direct and proximate cause of DEFENDANT EVERTS' actions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body, in an amount to be proven.


## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgement against Defendants, and each of them, according to proof, as follows:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Defendant, except the COUNTY and LASD, in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5 and any other applicable provision of law;

5. Such other relief as may be warranted or as is just and proper.


DATED: December 26, 2019                Respectfully Submitted,


                                        /s/ *George G. Mgdesyan*
                                        George G. Mgdesyan, Esq.
                                        Attorney for Plaintiff
                                        MICHELLE CONTRERAS


## JURY DEMAND

Trial by jury of all issues is demanded.


DATED: December 26, 2019                Respectfully Submitted,


                                        /s/ *George G. Mgdesyan*
                                        George G. Mgdesyan, Esq.
                                        Attorney for Plaintiff
                                        MICHELLE CONTRERAS

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL